IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Da'von Lamont Moore, <br> #HC05222433419, <br><br> Plaintiff, <br><br> vs. <br><br> Robert Schomp, Jaime Michelle Tropauer, <br><br> Defendants. | Case No.: 4:25-cv-1290-JD-TER <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Thomas E. Rogers, III, (DE 9) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses the Magistrate Judge's pre-service screening of Plaintiff Da'von Lamont Moore's ("Plaintiff" or "Moore") pleadings under 28 U.S.C. § 1915.[1]

### A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary follows for context.

Moore, a pretrial detainee, proceeding *pro se* and *in forma pauperis*, sued Defendants Robert Schomp ("Detective") and Jamie Michelle Tropauer ("Landlord") under 42 U.S.C. § 1983. Plaintiff is currently detained on state charges arising from

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

a May 2024 arrest in Horry County, on charges including kidnapping, child abuse, and willful abandonment.[2]

Plaintiff alleges that in September 2024, Detective Schomp improperly used Plaintiff's signature to fabricate a backdated lease termination agreement with Plaintiff's Landlord. (DE 1 at 7.) Plaintiff contends this was done to ensure his continued detention and that, as a result of the alleged forgery and eviction, he lost personal property, a vehicle, and a pet. (*Id.* at 12.) Plaintiff further states that his landlord obtained a judgment against him in October 2024 and that a state court judge ruled in the Landlord's favor. (*Id.* at 9.) These allegations directly concern the proceedings and outcome of a state court action.

### B. Report and Recommendation

On March 20, 2025, the Magistrate Judge recommended dismissal of Plaintiff's Complaint without prejudice and without service of process. (DE 9.) The Report, applying the less stringent standard for pro se pleading, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), concluded that the Complaint should be dismissed for these reasons (among others):

- **Rooker-Feldman Doctrine**: To the extent Plaintiff seeks to challenge final state court judgments, such claims are barred under the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing or overturning state court decisions.

- **Jurisdictional Limitation**: Any claim that an injury was caused by errors in state court proceedings cannot be addressed by this Court

- **Pending State Proceedings**: Plaintiff's filings reflect a desire for this Court to intervene in ongoing state proceedings, including the scheduled

---

[2] Plaintiff is represented by an attorney on his criminal charges. Plaintiff was denied bond by a state court judge.

sale of his vehicle. Federal courts must abstain from interfering in such matters absent extraordinary circumstances, which are not present here.

(DE 9 at 3-5.) No objections to the Report have been filed.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Having thoroughly reviewed the Report and the record in this case and finding no clear error, the Court adopts the Report (DE 9) and incorporates it herein by reference.

Accordingly, it is **ORDERED** that Plaintiff's Complaint (DE 1) is DISMISSED with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 20, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.